UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES ANTHONY BOWENS | CIVIL ACTION |
| VERSUS | NO. 17-3054 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION "R" (2) |
| RITA SPENCER | CIVIL ACTION |
| VERSUS | NO. 17-4253 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION "R" (5) |
| JOSH TREME | CIVIL ACTION |
| VERSUS | NO. 17-4269 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION "R" (5) |
| DANIEL YARBROUGH | CIVIL ACTION |
| VERSUS | NO. 17-4293 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION "R" (5) |
| RODNEY HAYES | CIVIL ACTION |
| VERSUS | NO. 17-4349 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION "R" (4) |

# **ORDER AND REASONS**

Before the Court are motions for reconsideration filed by each of the above-

1

captioned plaintiffs.[1]  Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c., (collectively, the "BP parties"), oppose plaintiffs' motions.[2]  For the following reasons, the Court denies plaintiffs' motions for reconsideration.

I. **BACKGROUND**

The plaintiffs in the above-captioned cases each filed lawsuits against defendants based on their alleged exposure to toxic chemicals following the *Deepwater Horizon* oil spill in the Gulf of Mexico.[3]  Each plaintiff was allegedly involved in cleanup or recovery work after the oil spill, and each contends that his or her resulting exposure to crude oil and dispersants caused a litany of health conditions.[4]  Plaintiffs brought claims for general maritime negligence, negligence

---

[1]   *Bowens*, No. 17-3054, R. Doc. 58; *Spencer*, No. 17-4253, R. Doc. 60; *Treme*, No. 17-4269, R. Doc. 61; *Yarbrough*, No. 17-4293, R. Doc. 60; *Hayes*, R. Doc. 62.
[2]   The remaining defendants, Halliburton Energy Services, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Transocean Offshore Deepwater Drilling, Inc. join the BP parties' opposition to plaintiffs' motions for reconsideration.  *Bowens*, No. 17-3054, R. Doc. 61 at 1 n.1; *Spencer*, No. 17-4253, R. Doc. 63 at 1 n.1; *Treme*, No. 17-4269, R. Doc. 64 at 1 n.1; *Yarbrough*, No. 17-4293, R. Doc. 63 at 1 n.1; *Hayes*, R. Doc. 65 at 1 n.1.
[3]   *Bowens*, No. 17-3054, R. Doc. 1; *Spencer*, No. 17-4253, R. Doc. 1; *Treme*, No. 17-4269, R. Doc. 1; *Yarbrough*, No. 17-4293, R. Doc. 1; *Hayes*, R. Doc. 1.
[4]   *Bowens*, No. 17-3054, R. Doc. 1-1 at 11; *Spencer*, No. 17-4253, R. Doc. 1-1 at 9; *Treme*, No. 17-4269, R. Doc. 1-1 at 13-14; *Yarbrough*, No. 17-4293, R. Doc. 1-1 at 9-10; *Hayes*, R. Doc. 1-1 at 11.

2

per se, and gross negligence against defendants.[5]

In each case, the plaintiffs submitted an expert report from Dr. Jerald Cook, an occupational and environmental physician, to demonstrate that exposure to crude oil, weathered oil, and dispersants can cause the symptoms they allege in their complaints.[6] Dr. Cook was plaintiffs' only expert on the issue of general causation. This Court excluded the testimony of Dr. Cook as unreliable and unhelpful under Fed. R. Evid. 702 because, among other issues, Dr. Cook did not identify what level of exposure to the specific chemicals to which plaintiffs were exposed is necessary to be capable of causing the specific conditions plaintiffs complained of.[7] The Court thus concluded that Dr. Cook "lacks sufficient facts to provide a reliable opinion on general causation."[8] Because expert testimony is required to establish general causation in toxic tort cases, and plaintiffs' sole expert witness on the issue of general causation was excluded, this Court granted

---

[5] *Bowens*, No. 17-3054, R. Doc. 26 ¶¶ 19-49; *Spencer*, No. 17-4253, R. Doc. 28 ¶¶ 19-49; *Treme*, No. 17-4269, R. Doc. 29 ¶¶ 19-49; *Yarbrough*, No. 17-4293, R. Doc. 28 ¶¶ 19-49; *Hayes*, R. Doc. 28 at ¶¶ 19-49.

[6] *Bowens*, No. 17-3054, R. Doc. 58; *Spencer*, No. 17-4253, R. Doc. 60; *Treme*, No. 17-4269, R. Doc. 61; *Yarbrough*, No. 17-4293, R. Doc. 60; *Hayes*, R. Doc. 62.

[7] *Bowens*, No. 17-3054, R. Doc. 56; *Spencer*, No. 17-4253, R. Doc. 58; *Treme*, No. 17-4269, R. Doc. 59; *Yarbrough*, No. 17-4293, R. Doc. 58; *Hayes*, R. Doc. 60.

[8] *Id.*

3

defendants' motions for summary judgment in each case.[9]

Plaintiffs now move under Federal Rule of Civil Procedure 59(e) for reconsideration of the Court's orders excluding Dr. Cook's testimony and granting defendants' motions for summary judgment.[10] Each of plaintiffs' motions is substantively identical. In short, plaintiffs contend that the Court erred in its analysis of whether Dr. Cook's testimony constitutes admissible evidence on general causation and as a result, fact issues remained that rendered summary judgment inappropriate.[11]

In response, the BP parties contend that plaintiffs present no new evidence or argument; rather, they simply rehash the arguments they presented in response to defendants' motions *in limine* in contravention of Rule 59(e).[12]

The Court considers the motions below.

## II. LEGAL STANDARD

---

9     *Id.*
10    *Bowens*, No. 17-3054, R. Doc. 58; *Spencer*, No. 17-4253, R. Doc. 60; *Treme*, No. 17-4269, R. Doc. 61; *Yarbrough*, No. 17-4293, R. Doc. 60; *Hayes*, R. Doc. 62.
11    *Id.*
12    *Bowens*, No. 17-3054, R. Doc. 61 at 1; *Spencer*, No. 17-4253, R. Doc. 63 at 1; *Treme*, No. 17-4269, R. Doc. 64 at 1; *Yarbrough*, No. 17-4293, R. Doc. 63 at 1; *Hayes*, R. Doc. 65 at 1.

4

A district court has "considerable discretion" under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). That said, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "The Court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.

A motion to reconsider under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Matter of Life Partner Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Courts have held that the moving party must show that the motion is necessary based on at least one of the following criteria: (1) "correct[ing] manifest errors of law or fact upon which the judgment is based;" (2) "present[ing] newly discovered or previously unavailable evidence;" (3) "prevent[ing] manifest injustice," and (4) accommodating "an intervening change in the controlling law." *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998).

### III. DISCUSSION

Plaintiffs contend they are entitled to reconsideration of this Court's orders excluding the testimony of Dr. Cook and granting defendants' motions for summary judgment because the Court erred in holding that Dr. Cook must identify a harmful level of exposure to particular chemicals that cause the conditions that plaintiffs allegedly experienced.[13] Plaintiffs assert that Dr. Cook's testimony should have been admitted, and defendants' summary-judgment motions denied, because: (1) BP had a duty to protect the cleanup workers; (2) BP violated that duty by failing to conduct biomonitoring; (3) BP's breach of its duty to conduct biomonitoring explains why there is inadequate data to provide the information that the Court held was required of proposed general causation experts in its Orders and Reasons excluding Dr. Cook's testimony; and (4) the GuLF study represents the "state of the art," and it is therefore a reliable basis for Dr. Cook's opinions.[14]

Plaintiffs have already advanced these arguments, or nearly identical ones, in their oppositions to BP's summary-judgment and *Daubert* motions, as well as in their motions seeking admission of Dr. Cook's testimony as a sanction against

---

[13] *Bowens*, No. 17-3054, R. Doc. 61 n.1; *Spencer*, No. 17-4253, R. Doc. 63-1 at 1-4; *Treme*, No. 17-4269, R. Doc. 64-1 at 1-4; *Yarbrough*, No. 17-4293, R. Doc. 63-1 at 1-4; *Hayes*, R. Doc. 62 at 1-4.

[14] *Id.*

6

BP for alleged spoliation.[15] This Court rejected plaintiffs' arguments and granted defendants' *Daubert* and summary-judgment motions.[16] Plaintiffs present no valid reason for the Court to reconsider their previously rejected contentions, which are ultimately based on the "faulty premise that BP was obligated to develop evidence in anticipation of litigation." *Reed v. BP Expl. & Prod., Inc.*, No. 17-4174, 2023 WL 3159403, at *10 (E.D. La. Apr. 28, 2023). Plaintiffs' "recitation of duplicative and meritless arguments that have already been exhaustively considered does not entitle [them] to a second bite at the apple" through reconsideration under Rule 59(e). *Vesoulis v. Reshape Lifesciences, Inc.*, No. 19-1795, 2021 WL 2267676, at *1 (E.D. La. June 3, 2021).

Further, plaintiffs' motions do not mention any of Rule 59(e) criteria. Plaintiffs do not claim to have discovered new evidence; nor do they point to intervening changes in controlling law. They likewise fail to establish that this Court's orders work a manifest injustice. They simply rehash previously rejected arguments concerning BP's purported duty to conduct biomonitoring. Their erroneous assertion the Court was incorrect in requiring a general causation expert

---

15  *Bowens*, No. 17-3054, R. Docs. 46, 47, & 48; *Spencer*, No. 17-4253, R. Docs. 47, 48, & 49; *Treme*, No. 17-4269, R. Docs. 48, 49, & 50; *Yarbrough*, No. 17-4293, R. Docs. 47, 48, & 49; *Hayes*, R. Docs. 49, 50, & 51.

16  *See Bowens*, No. 17-3054, R. Doc. 56; *Spencer*, No. 17-4253, R. Doc. 58; *Treme*, No. 17-4269, R. Doc. 59; *Yarbrough*, No. 17-4293, R. Doc. 58; *Hayes*, R. Doc. 60.

7

to identify a harmful level of exposure to specific chemicals that can cause the conditions plaintiffs complain of is insufficient to establish that they are entitled to the "extraordinary remedy" of reconsideration under Rule 59(e).  *Templet*, 367 F.3d at 479.

## IV.  CONCLUSION

For the foregoing reasons, plaintiffs' motions for reconsideration are DENIED.

New Orleans, Louisiana, this __21st__ day of August, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE